**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILLIP J. BARKETT, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY,<br><br>    Defendants. | No. 1:08-cv-02495-GEL |
| CITY OF TAYLOR EMPLOYEES RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY,<br><br>    Defendants. | No. 1:08-cv-02752-GEL |
| HAROLD OBERKOTTER, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY,<br><br>    Defendants. | No. 1:08-cv-02901-GEL |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF, APPOINTMENT OF LEAD COUNSEL <u>AND CONSOLIDATION OF RELATED ACTIONS</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. BACKGROUND ....................................................................................................... 2

III. ARGUMENT ............................................................................................................. 3

    A. Oklahoma Satisfies the Procedural Requirements For Appointment as Lead Plaintiff ................................................................................................... 3

    B. Oklahoma Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff ........................................................................................................... 4

        1. Oklahoma is Presumptively the Most Adequate Plaintiff ......................... 4

        2. Oklahoma Satisfies The Requirements of Rule 23 ................................... 6

    C. The Court Should Appoint Cohen Milstein as Lead Counsel ............................... 8

    D. The Related Actions Should Be Consolidated Pursuant to Rule 42(a) ................. 8

IV. CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Albert Fadem Trust v. Citigroup Inc.*,
　239 F. Supp. 2d 344 (S.D.N.Y. 2002) ............................................................................... 6, 8

*Chisholm v. Transouth Fin. Corp.*,
　184 F.R.D. 556 (E.D. Va. 1999) ............................................................................................ 7

*Fields v. Biomatrix, Inc.*,
　198 F.R.D. 451 (D.N.J. 2000) ................................................................................................ 7

*Hargett v. Alley Fed. Sav. Bank*,
　60 F.3d 754 (11th Cir. 1995) .................................................................................................. 9

*Hevesi v. Citigroup Inc.*,
　366 F.3d 70 (2d Cir. 2004) ..................................................................................................... 5

*In re Cendant Corp. Sec. Litig.*,
　404 F.3d 173 (3d Cir. 2005) ................................................................................................... 5

*In re Crayfish Co. Sec. Litig.*,
　No. 00 Civ. 6766 (DAB), 2002 WL 1268013 (S.D.N.Y. June 6, 2002) .................................. 6

*In re Drexel Burnham Lambert Group, Inc.*,
　960 F.2d 285 (2d Cir. 1992) ................................................................................................... 7

*In re Elan Corp. Sec. Litig.*,
　2002 WL 31720410 (S.D.N.Y. Dec. 3, 2002) ......................................................................... 6

*In re Olsten Corp. Sec. Litig.*,
　3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................ 6

*Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*,
　208 F.R.D. 59 (S.D.N.Y. 2002) .............................................................................................. 9

*Miller v. United States Postal Serv.*,
　729 F.2d 1033 (5th Cir. 1995) ................................................................................................ 9

*Primavera Familienstiftgung v. Askin*,
　173 F.R.D. 115 (S.D.N.Y. 1997) ............................................................................................ 9

*Weltz v. Lee*,
　199 F.R.D 129 (S.D.N.Y. 2001) ............................................................................................. 6

**STATUTES AND OTHER AUTHORITIES**

15 U.S.C. § 78u-4 ................................................................................................................... *passim*

H.R. Conf. Rep. No. 104-369, 104th Cong. (1st Sess. 1995), reprinted in 1995
    U.S.C.C.A.N. 679 ............................................................................................................5

Fed. R. Civ. P. 23 ............................................................................................................. 4, 6, 9

Fed. R. Civ. P. 42(a) .................................................................................................................9

## I.     **INTRODUCTION**

Pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for the reasons set forth below, Oklahoma Firefighters Pension and Retirement System ("Oklahoma") respectfully moves this Court for an Order appointing it Lead Plaintiff on behalf of itself and all purchasers of American Depository Receipts ("ADRs") of Société Générale ("SocGen"), traded on the over the counter market, and all U.S. purchasers of SocGen's shares on overseas exchanges, between August 1, 2005 and January 23, 2008, inclusive (the "Class Period"). Oklahoma also seeks appointment of the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") as Lead Counsel and the consolidation of all related actions.

On March 12, 2008, Cohen Milstein filed the first complaint against SocGen on behalf of plaintiff Phillip J. Barnett, Jr. Since then, at least two additional complaints have been filed in this Court against SocGen for violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5. These complaints (the "Related Actions") are predicated on SocGen's statements regarding its activities and exposure in the subprime mortgage markets, and its lack of sufficient controls and failure to act on information it had regarding the highly irregular and unauthorized trades by its Delta One derivative trading desk, handled by junior trader Jerome Kerviel.

Oklahoma suffered losses[1] of approximately €1,157,000 during the Class Period as a result of Defendants' misleading conduct. Oklahoma is unaware at this time of any other movant

---

[1] The losses suffered by Oklahoma, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question that generally cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the executed certification required under Section 21D of the Exchange Act and based upon reference to information concerning the market for SocGen securities. *See* Declaration of Elizabeth A. Berney in Support of Motion of Oklahoma ("Berney Decl.") at Ex. B.

371805.1 1

with a greater loss. Thus, under Section 21D of the Exchange Act, Oklahoma is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because it has "the largest financial interest in the relief sought by [the] class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Oklahoma is represented in this action by Cohen Milstein, which is seeking appointment as lead counsel and is eminently qualified to prosecute securities class action claims such as this one.

## II.   BACKGROUND

The Related Actions allege that SocGen and certain of its officers (collectively, "Defendants") violated the Securities and Exchange Act of 1934 as a result of Defendants' false and misleading statements and omissions, which artificially inflated the price of SocGen's stock during the Class Period, causing harm to SocGen's investors.

Specifically, the Related Actions allege that during the class period, SocGen:

- made false and misleading statements and concealed material adverse information regarding SocGen's exposure to subprime loans, collateralized debt obligations ("CDOs") and SocGen's internal controls;

- falsely touted SocGen's conservative management, risk control, and expertise in risk analysis and structured finance, including CDO vehicles;

- misled investors by announcing that it had "very little exposure" to the subprime segment; and

- ignored or failed to act upon numerous alerts which should have led to the uncovering of Jerome Kerviel's massive irregular trading activity from 2005 through early 2008.

The result of this fraudulent activity was that SocGen had to take write downs of close to $4 billion relating to the subprime market, and $7 billion in losses due to the highly risky and irregular trading by Kerviel, which caused a dramatic drop in share price and significant losses to investors.

Two weeks before the billions of dollars of SocGen's trading and subprime-related losses were revealed to the public, the top SocGen U.S. executive and a board member, defendant

2

Robert A. Day, and foundations related to Mr. Day, sold off millions of shares of their SocGen stock at artificially inflated prices, for proceeds of more than $140 million (€95 million). In addition, Day sold an additional 500,000 shares of SocGen securities on January 18, 2008, just days before the public revelations of the fraud alleged in the Related Actions, bringing the total insider sales by Day and two foundations linked to him to approximately $206 million. These sales are now the subject of investigations by the U.S. Department of Justice, the U.S. Securities and Exchange Commission, and French market regulators.

## III.    ARGUMENT

As discussed below, Oklahoma satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff. Additionally, Oklahoma seeks appointment of Cohen Milstein as Lead Counsel for the Class.

### A.    Oklahoma Satisfies the Procedural Requirements For Appointment as Lead Plaintiff

Section 21D of the Exchange Act, 15 U.S.C. § 78u-4, establishes a procedure for the appointment of a lead plaintiff in "each private action arising under the [Securities Act or Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published by Cohen Milstein on March 12, 2008 (*see* Berney Decl., Ex. A).

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of

3

adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed expires on May 12, 2008.  Oklahoma has moved within the statutory 60-day time period.  The motion contains the required certifications setting forth, *inter alia*, Oklahoma's transactions in SocGen securities during the Class Period, and indicates that Oklahoma has reviewed a complaint filed in the Action and is willing to serve as a representative party on behalf of the Class.  *See* Berney Decl., Ex. B.  In addition, Oklahoma has selected and retained competent and experienced counsel, as set forth in counsel's resume.  *See* Cohen Milstein resume at Berney Decl., Ex. C.  As noted in the resume, the firm has developed an excellent reputation for successfully prosecuting federal securities law claims.  Cohen Milstein, in fact, extensively researched the facts and developed the theory for the first-filed complaint in this case.

**B.     Oklahoma Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff**

   **1.     Oklahoma is Presumptively the Most Adequate Plaintiff**

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(1).  The PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person or group of persons who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Fed. R. Civ. P. 23 and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted by proof that the

4

presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Oklahoma satisfies each of these requirements. During the Class Period, Oklahoma suffered losses of approximately €1,157,000 from its purchase of SocGen securities.[2] Oklahoma believes it has the largest financial interest in the relief sought by the Class. Further, Oklahoma is willing to actively participate in the leadership of this litigation through both personal involvement and consultation with his chosen counsel.

Furthermore, Oklahoma is a sophisticated institutional investor. As such, it is the paradigmatic lead plaintiff envisioned by Congress in its enactment of the PSLRA — a sophisticated institutional investor with real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 11, 104th Cong. (1st Sess. 1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 ("increasing the role of institutional investors in class actions will ultimately benefit the class and courts by improving the quality of representation in securities class actions"). *See also Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 n.13 (2d Cir. 2004) (describing the main purpose of the PSLRA's lead plaintiff provision as "empower[ing] one or several investors with a major stake in the litigation to exercise control over the litigation as a whole") (citations omitted); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005) (PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually a large and sophisticated institution, is accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead counsel for the class").

Moreover, because Oklahoma possesses a significant interest in the outcome of this

---

[2] A copy of Oklahoma's certification is attached to the Berney Decl. as Exhibit B.

litigation, it is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Oklahoma is both qualified to represent the class and willing to serve as a representative party. In addition, Oklahoma has selected counsel that is highly experienced in prosecuting securities class actions such as this one. Accordingly, Oklahoma satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and the instant motion should be granted.

### 2. Oklahoma Satisfies The Requirements of Rule 23

In addition to requiring the lead plaintiff to have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). *See also In re Elan Corp. Sec. Litig.,* 2002 WL 31720410, at *3 (S.D.N.Y. Dec. 3, 2002); *Albert Fadem Trust v. Citigroup Inc.,* 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001)).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to

6

prove the defendants' liability.'" *Olsten,* 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000). The typicality standard is met even where minor distinctions exist. *Id.* As one court noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. Transouth Fin. Corp.,* 184 F.R.D. 556, 563 (E.D. Va. 1999). The typicality requirement is plainly satisfied in the instant case, where Movant seeks the same relief and advances the same legal theories as other class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133 (citing *Olsten*, 3 F. Supp. 2d at 296).

Oklahoma is an adequate representative for the class. Oklahoma purchased SocGen securities during the Class Period and, like other putative class members, suffered a loss in the form of the diminution of value in the price of its SocGen securities. Moreover, Oklahoma has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

7

371805.1 1

## C. The Court Should Appoint Cohen Milstein as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Oklahoma has selected Cohen Milstein to serve as Lead Counsel, and appointing Cohen Milstein as Lead Counsel would be prudent to protect the interests of the class.

As detailed in its firm resume,[3] Cohen Milstein has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Indeed, Cohen Milstein extensively researched the facts and developed the theory for the first complaint filed in this case. Thus, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Albert Fadem Trust*, 239 F. Supp. 2d at 348 (approving as lead counsel law firm with "substantial experience and success in prosecuting securities fraud actions").

## D. The Related Actions Should Be Consolidated Pursuant to Rule 42(a)

Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz*, 199 F. R.D. at 131. Indeed, "in securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Id*.

The Related Actions present virtually identical factual and legal issues, as they all arise out of the same alleged violation of the federal securities laws. Each action has been filed

---

[3] A copy of Cohen Milstein's firm resume is attached to the Berney Decl. as Exhibit C.

8

pursuant to Sections 10(b) and 20(a) of the Exchange Act, involves substantially the same parties, and arises from the same underlying facts and circumstances. "The proper solution to problems caused by the existence of two or more cases involving the same parties and issues simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Alley Fed. Sav. Bank*, 60 F.3d 754, 765 (11th Cir. 1995) (quoting *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1995)); *see also Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002); *Primavera Familienstiftgung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Because these actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others. Consolidation of the related actions is thus appropriate as common questions of law and fact predominate these actions. Fed. R. Civ. P. 42(a). Thus, consolidation is appropriate here. Accordingly, the motion to consolidate the Related Actions should be granted.

### IV.  CONCLUSION

Based on the foregoing, Oklahoma respectfully requests that the Court: (i) appoint it as Lead Plaintiff; (ii) appoint Cohen Milstein as Lead Counsel; (iii) consolidate the Related Actions; and (iv) grant such other relief as the Court may deem to be just and proper.

| | |
|---|---|
| Dated: May 12, 2008 | Respectfully submitted, |

COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.

      /s/     Elizabeth A. Berney
Elizabeth A. Berney (EB-9781)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

- and -

Steven J. Toll
Matthew K. Handley
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Attorneys for Oklahoma and*
*Proposed Lead Counsel for the Class*


PHILLIPS MCFALL MCCAFFREY MCVAY &
MURRAH P.C.

Marc Edwards
Thomas G. Wolfe
Corporate Tower | Thirteenth Floor
101 N. Robinson
Oklahoma City, OK  73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4562

*Attorneys for Oklahoma*

10

371805.1 1