KIRBY McINERNEY LLP
Ira M. Press (IP 5313)
Peter S. Linden (PL 8945)
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

*Attorneys for Movant, Police and Fire Retirement
System of the City of Detroit*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILLIP J. BARKETT, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>  v.<br><br>SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY,<br><br>    Defendants. | **Civil Action No.**<br>08 CIV 2495 |
| HAROLD OBERKOTTER, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>  v.<br><br>SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY,<br><br>    Defendants. | No. 08 CIV 2901 |

**MEMORANDUM IN SUPPORT OF MOTION OF POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| CITY OF TAYLOR EMPLOYEES RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br> v.<br><br>SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY,<br><br>      Defendants. | No. 08 CIV 2752 |

## INTRODUCTION

The Police and Fire Retirement System of the City of Detroit ("PFRS" or "Movant") respectfully submits this memorandum of law in support of its motion (i) for an order pursuant to Fed R. Civ. P. 42(a) consolidating the above captioned actions; (ii) for PFRS' appointment pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") as Lead Plaintiff in the above-captioned securities fraud class actions; and (iii) for the Court's approval of PFRS' selection of Lead Counsel for the proposed Class.

The above captioned proposed class actions allege violations by Societe Generale ("SocGen" or the "Company") and certain of its officers and directors of §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

PFRS is a member of the proposed class of purchasers of SocGen securities between August 1, 2005 through January 23, 2008 (the "Class Period"). Movant suffered loses of $1,346,784.70 from class period trades in SocGen and it is believed to have the largest financial interest in the relief sought by the claim. *See* Exhibit C to accompanying May 12, 2008 affidavit of Ira M. Press ("Press Aff."). As such movants should be appointed as lead plaintiff.

## FACTUAL BACKGROUND

SocGen is a large French financial services group, employing over 120,000 worldwide in three key businesses: Retail Banking & Financial Services, Global Investment Management & Services, and Corporate & Investment Banking. SocGen is based in Paris, France with branch offices in over eighty countries, and has a significant presence in the United States.

The above-captioned actions assert claims for violation of the Securities Exchange Act of 1934 on behalf of investors in SocGen securities against, *inter alia*, SocGen, Daniel Bouton

(SocGen's chairman and CEO), and Robert A. Day (a director on SocGen's board and chairman of SocGen subsidiary Trust Company of the West). The suits allege that SocGen and certain of its officers and directors made gross misrepresentations about the value of SocGen's securities and the quality of its internal controls and risk management. Defendants' misrepresentations began to be disclosed on January 24, 2008, when SocGen issued a public statement claiming that a trader named Jerôme Kerviel ("Kerviel") had single-handedly risked tens of billions of euros on behalf of the Company, causing a loss of almost $7.5 billion, and that the Company's publicly reported financial results failed to disclose billions in losses related to subprime real estate in the U.S. SocGen's stock price dropped over $3.00 per share in one day when SocGen's trading and subprime losses were disclosed on January 24, 2008. Thereafter, it came to light that Robert A. Day, a SocGen board member and founder of Trust Company of the West, in which SocGen owns a major stake, had secretly disposed of $206 million of SocGen stock owned and/or controlled by him before SocGen's balance sheet manipulations were publicly revealed and long after SocGen's executives were advised of the Kerviel trades and misrepresentations.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). Neither Rule 42 nor the PSLRA requires that actions be identical in order to be consolidated. *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

The above-captioned actions have the same core defendants: SocGen, Daniel Bouton, and Robert A. Day, and allege the same legal bases for liability: Sections 10(b) and 20(a) of the Exchange Act. Furthermore, each of these actions alleges that defendants made materially false and misleading statements during the same class period concerning SocGen's subprime exposure which materially misstated SocGen's financial performance, and in turn artificially inflated the market price for SocGen securities. Each of the actions seeks to be certified as a class action on behalf of a class of similarly-situated investors in SocGen securities.

These common issues of law and fact, contained in the actions before this Court, support consolidation pursuant to Fed. R. Civ. P. 42(a). Accordingly, consolidation should be granted.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Sections 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members made within 60 days of a published notice of class action.

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant is believed to have the largest financial interest in the relief sought in these actions among all putative class members who have filed complaints or filed timely motions for lead plaintiff appointment. As such, movant is entitled to the presumption that it is the most adequate plaintiff to represent all class period purchasers of SocGen securities.

### A.  Movant is Willing to Serve as Lead Plaintiff On Behalf of All Purchasers of SocGen Securities

On March 12, 2008, March 14, 2008, and March 20, 2008, counsel for plaintiffs in the first of the above-captioned actions caused notices to be published on newswire services, pursuant to Sections 21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against the defendants herein, and advising purchasers of SocGen securities that they had until May 12, 2008 to file a motion to be appointed as Lead Plaintiff. *See* Press Aff., Exhibit A. The PSLRA provides that motions for appointment of lead plaintiff must be filed within 60 days following publication of the statutory notice. Movant has filed this motion within the statutory time period. In connection with this motion and the filing of its complaint, Movant has attached a sworn certification attesting that PFRS is willing to serve as representative of the Class and willing to

4

provide testimony at deposition and trial, if necessary. *See* Press Aff., at Exhibit B.

Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

    **B.**    **Movant has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

Movant purchased 22,100 SocGen shares during the class period, spending $4,335,565 to do so. *See* Press Aff., Exhibit C. Movant incurred class period investment losses of $1,346,784.70. *See Id.*

Movant believes that its financial interest in the relief sought by the class is greater than those of all other qualified movants seeking appointment as lead plaintiff.

    **C.**    **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two - typicality and adequacy - directly

5

address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997); *Lax v. First Merchants Acceptable Corporation, et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Il. 1997) at *20 ("Evidence regarding the requirements of Rule 23 will of course, be heard in full at the class certification hearing. There is no need to require anything more than a preliminary showing at this stage") (quoting *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)), accord, *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp. 2d 286, 296 (E.D.N.Y. 1998) ("At this stage in the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23").

PFRS fulfills all of the requirements of Rule 23. PFRS shares substantially the same questions of law and fact with other purchasers of SocGen securities, such as, whether defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements which falsely depicted SocGen's financials and its business, and whether these statements artificially inflated the price of SocGen securities. Movant acquired SocGen securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. All other persons and entities who acquired SocGen securities during the Class Period overpaid as a result of the same misconduct that caused Movant's injury. *See, e.g., In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992); *In re Oxford Health Plans*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000) (typicality under Rule 23 requires that a class representative "have

6

the incentive to prove all the elements of the cause of action which would be represented by the individual members of the class were they initiating individualized actions") (quoting *Daniels v. Amerco*, 1983-1 Trade Cas. P 65, 274 (S.D.N.Y.1983)). These shared claims also satisfy the requirement that the claims of the representative parties be typical of other purchasers of SocGen securities.

Thus, the close alignment of interests between Movant and other Class Period purchasers of SocGen securities as well as Movant's strong desire to prosecute the claims on behalf of such persons and entities, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class;
>
> or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

Courts in the Second Circuit have held that the "adequacy" of a class representative for Rule 23 purposes means that (i) the plaintiff's attorney is qualified, experienced and generally able to conduct the litigation and (ii) the plaintiff does not have any interests antagonistic to the class. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992).

Movant's ability and desire to fairly and adequately represent other purchasers of SocGen

7

securities has been discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render it inadequate to represent other purchasers of SocGen securities. Further, Movant has demonstrated its commitment to protecting the interests of the Class by signing a certification expressing its willingness to serve as class representative and provide deposition and trial testimony, if necessary. Movant has selected experienced and competent counsel, who, as detailed below, will provide excellent representation of the Class' interests. *See* Press Aff. Exhibit D (resume of Movant's counsel). Moreover, the fact that Movant has the largest known financial stake in the litigation also provides an incentive for Movant to vigorously prosecute this action. Accordingly, Movant should be appointed Lead Plaintiff for the Class.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected the law firm of Kirby McInerney LLP to serve as Lead Counsel for the proposed class. Kirby McInerney LLP is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Press Aff., at Exhibit D. As a result of their extensive experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the purchasers of SocGen securities will receive the best legal representation

available.

## CONCLUSION

For all the foregoing reasons, PFRS respectfully requests that the Court: (i) consolidate the above captioned actions (ii) appoint PFRS as Lead Plaintiff; (iii) approve Lead Plaintiff's selection of Lead Counsel for the Class; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           May 12, 2008

                                    Respectfully submitted,

                                    KIRBY McINERNEY LLP

           By:     _____
                   Ira M. Press (IP 5313)
                   Peter S. Linden (PL 8945)
                   830 Third Avenue, 10th Floor
                   New York, NY   10022
                   Tel: (212) 371-6600

                   *Proposed Lead Counsel*