UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILLIP J. BARKETT, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY,<br><br>    Defendants. | No. 1:08-cv-02495-GEL |
| CITY OF TAYLOR EMPLOYEES RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY,<br><br>    Defendants. | No. 1:08-cv-02752-GEL |
| HAROLD OBERKOTTER, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY,<br><br>    Defendants. | No. 1:08-cv-02901-GEL |

**OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM'S MEMORANDUM IN REPLY TO RESPONSES TO MOTIONS FOR LEAD PLAINTIFF AND LEAD COUNSEL**

On May 12, 2008, pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), the Oklahoma Firefighters Pension and Retirement System ("Oklahoma") moved this Court for an Order: (i) for consolidation of these related actions; (ii) appointing it as Lead Plaintiff in these actions; and (iii) approving its

selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as Lead Counsel (the "Motion").

On May 30, 2008, Oklahoma filed a response to the competing motions for appointment of lead plaintiff, noting that the competing motion filed by the Institutional Investor Group[1] demonstrated that Oklahoma does not possess the "largest financial interest in the relief sought by the class" as required by the PSLRA because the Institutional Investor Group has presented a larger loss in Société Générale securities than the loss asserted by Oklahoma or any other movant for lead plaintiff.[2]

Also in its May 30, 2008 response, Oklahoma noted that certain courts in this District have held that "aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff." *In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005); *Goldberger v. PXRE Group, Ltd.*, No. 06-CV-3410 (KMK), 2007 WL 980417, at *5 (S.D.N.Y. Mar. 30, 2007) (refusing to appoint an unrelated group that "shares only this lawsuit in common.").[3]  If the Court finds the Institutional Investor Group to be an improper aggregation of unrelated plaintiffs, then Oklahoma should be appointed as Lead Plaintiff and its counsel as Lead Counsel because Oklahoma's losses were the largest after the losses of the Institutional Investor

---

[1] The Institutional Investor Group consists of Vermont Pension Investment Committee, Boilermaker-Blacksmith National Pension Fund, United Food and Commercial Workers Union-Employer Pension Fund and United Food and Commercial Workers Union Local 880 - Retail Food Employers Joint Pension Fund.

[2] The losses of the Institutional Investor Group are reported as $6,847,909.85.  Oklahoma's losses were €1,157,000 ($1,795,663), which ranked second among the investors seeking appointment as lead plaintiff.

[3] *See also In re Veeco Instruments, Inc. Sec. Litig.*, 233 F.R.D. 330, 334 (S.D.N.Y. 2005) ("Courts (including this one) view such aggregations of individual shareholders with disapproval."); *In re Tarragon Corp. Sec. Litig.*, No. 07 Civ. 7972 (PKC), 2007 U.S. Dist. LEXIS 91418 at **3-4 (S.D.N.Y. Dec. 6, 2007) (denying motion by unrelated institutional investors); *Rozenboom v. Van Der Moolen Holdings, NV.*, No. 03 Civ. 8284, 2004 U.S. Dist. LEXIS 6382 at *4 (S.D.N.Y. Apr. 14 2004) (denying motion by unrelated investors on the "ground that unrelated class members are more likely to abdicate their responsibility to coordinate the litigation to their attorneys, in contravention of the PSLRA's goal to eliminate lawyer driven litigation" ).

Group.

Another movant requesting appointment as lead plaintiff in this action, the New Jersey

Carpenters Annuity and Pension Funds ("New Jersey"), with reported losses of $1,406,440.02

(less than Oklahoma's reported losses of €1,157,000 ($1,795,663)), also filed a response on May

30, 2008, arguing that the Court should not consider all of Oklahoma's reported losses because

Oklahoma sold some of its Société Générale shares before the end of the Class Period. New

Jersey's argument is contrary to the case law in this District and should be rejected. *See*

*Montoya v. Mamma.com Inc.*, 2005 U.S. Dist. LEXIS 10224, at *6-7 (S.D.N.Y. May 31, 2005)

(finding that movants who had sold some (or even all) of their shares prior to the end of the class

period were not "unique" and were capable "of adequately representing the class") (citing *Dura*

*Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) and *Lentell v. Merrill Lynch & Co., Inc.*,

396 F.3d 161, 174 (2d Cir. 2005)).[4] At this stage of the case, all of Oklahoma's losses are

properly considered, particularly as there has yet to be any formal damages analysis to determine

which "partial disclosure[s] during the class period" may properly be considered to have

"cause[d] the price of shares to decline." *See Mamma.com*, 2005 U.S. Dist. LEXIS 10224 at *7.

---

[4] Other courts have also rejected New Jersey's argument that movants' class period trading history should be analyzed when determining who should be appointed as lead plaintiff. *See In re NTL, Inc. Sec. Litig.*, No. 02 Civ. 3013 (LAK) (AJP), 2006 U.S. Dist. LEXIS 76959, 2006 WL 568225 (S.D.N.Y. Mar 09, 2006), adopting 2006 U.S. Dist. LEXIS 5346, 2006 WL 330113, *9 (S.D.N.Y. Feb. 14, 2006) (analyzing *Dura* and appointing "in-and-out" purchasers as class representatives in PSLRA action); *In re Sierra Wireless, Inc. Sec. Litig.*, No. 05-MD-1696, Trans. of Oral Argument at 17:8-10 (S.D.N.Y. Dec. 2, 2005) (stating that *Dura* not an issue in motion to appoint lead plaintiff stage); *In re Watchguard Sec. Litig.*, No. C05-678JLR, 2005 U.S. Dist. LEXIS 40923 (D. Wash. July 13, 2005) (rejecting Dura argument in context of selecting lead plaintiff); *see also In re Cardinal Health, Inc. Sec. Litigs.*, 426 F. Supp. 2d 688, 760 (S.D. Ohio 2006) (collecting cases, and rejecting contention that loss causation can only be triggered by corrective disclosure). New Jersey's sole reliance on *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 333 (S.D.N.Y. 2005) and *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825, 2007 WL 680779, at *4 (E.D.N.Y. Mar. 2, 2007) are misplaced. In *Veeco*, the proposed lead plaintiff had sold *all* of its shares before the end of the Class Period, and *Comverse* is a district court decision from outside this district and stands at odds with the other case law cited herein.

Accordingly, all of Oklahoma's reported losses are properly considered at this time. Therefore, if the Court determines that the Institutional Investor Group is an inappropriate aggregation of unrelated plaintiffs, Oklahoma – as the movant with the greatest losses after the Institutional Investor Group – should be appointed as Lead Plaintiff and its counsel as Lead Counsel.[5] 15 U.S.C. § 78u-4(a)(3)(B)(i).

Dated: June 9, 2008

Respectfully submitted,

COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.

_____/s/_____ Elizabeth A. Berney_____
Elizabeth A. Berney (EB-9781)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

- and -

Steven J. Toll
Matthew K. Handley
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

***Attorneys for Oklahoma and
Proposed Lead Counsel for the Class***

---

[5] As discussed in Oklahoma's memorandum in support of its motion for appointment of lead plaintiff and lead counsel, and in its response to competing motions, Cohen Milstein has extensive expertise and experience in the field of securities litigation and filed the first complaint in this case, having already extensively researched the facts and developed the theories of alleged liability. Cohen Milstein was also actively involved in the joint submission to the Court in *Oberkotter v. Société Générale*, No. 1:08-cv-02901-GEL addressing Defendant Société Générale's objection to the court's March 26, 2008 Order Concerning Furnishing of Notice. Thus, the Court may be confident that the class would receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA should Cohen Milstein be appointed as Lead Counsel.

PHILLIPS MCFALL MCCAFFREY MCVAY &
MURRAH P.C.

Marc Edwards
Thomas G. Wolfe
Corporate Tower | Thirteenth Floor
101 N. Robinson
Oklahoma City, OK  73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4562

*Attorneys for Oklahoma*

5